UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ALVARO RAMIREZ-GONZALEZ,

                               Plaintiff,

              -v-

AZK RESTAURANT, INC. *et al*,

                         Defendants.

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  __10/18/2022__

**ORDER**

22-CV-3091 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

      The parties in this wage-and-hour case have consented to my jurisdiction

under 28 U.S.C. § 636(c) for purposes of reviewing their proposed settlement (Dkt.

No. 23) and have now submitted a joint letter in support of settlement (Dkt. No. 24)

along with their proposed agreement (Dkt. No. 24-1) for my approval under *Cheeks*

*v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).  In this case, plaintiff

alleged violations of the minimum wage and overtime provisions of the Fair Labor

Standards Act ("FLSA").

      Courts generally recognize a "strong presumption in favor of finding a

settlement fair" in cases like this one brought under the FLSA, as they are "not in

as good a position as the parties to determine the reasonableness of an FLSA

settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747,

at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).  Moreover, given Defendants'

apparent financial situation as a result of the COVID-19 pandemic (requiring a

payment schedule as part of the settlement) and Plaintiff's expressed concerns

about collectability, the "potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint letter in support of settlement as well as the proposed settlement agreement, and having participated in a lengthy conference that led to the settlement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), a case considered to be a touchstone in evaluating wage-and-hour settlements.[1]  Among other things, the agreement appears to be "the product of arm's-length bargaining between experienced counsel." *Id*.  Accordingly, the settlement is hereby approved.

---

[1] The Court's approval of the allocation of attorney's fees should not be construed as an approval of the hourly rate of plaintiffs' counsel. Nor should approval of the settlement agreement be deemed an approval of the tax allocations to which the parties have agreed.

The Court will separately sign and file the stipulation submitted by the parties.

The Clerk is hereby directed to close this case.

**SO ORDERED.**

Dated: October 18, 2022
     New York, New York

_____
JAMES L. COTT
United States Magistrate Judge